**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| POW! ENTERTAINMENT, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　　　　Defendants. | Case No. 21-cv-5347<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge M. David Weisman |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff POW! ENTERTAINMENT, LLC ("Plaintiff") against the defendants identified on Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "STAN LEE Trademarks") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Plaintiff Trademarks. *See* Docket Nos. 11-17, which include screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the STAN LEE Trademarks.

A list of the STAN LEE Trademarks is included in the below chart.

| Registration Number | Registered Trademark | International Classes |
|---|---|---|
| 5,875,319 | **STAN LEE** | 28 |
| 5,880,988 | **STAN LEE** | 16 |
| 5,880,991 | **STAN LEE** | 9 |
| 5,886,378 | **STAN LEE** | 25, 41 |

| 5,670,515 | | 9 |
|---|---|---|
| 3,357,243 | **STAN LEE PRESENTS** | 41 |
| 5,674,588 | **STAN LEE PRESENTS** | 9 |
| 5,674,595 | **STAN LEE PRESENTS** | 16 |
| 5,598,858 | **The Stan Lee Foundation** | 36 |

This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the STAN LEE Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine STAN LEE product or not authorized by Plaintiff to be sold in connection with the STAN LEE Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine STAN LEE product or any other product produced by Plaintiff, that is not Plaintiff's

3

or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the STAN LEE Trademarks;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the STAN LEE Trademarks, or any reproductions, counterfeit copies or colorable imitations.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at Plaintiff's choosing:

a. transfer the Defendant Domain Names to Plaintiff's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection; or

b. disable the Defendant Domain Names and make them inactive and untransferable.

3. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting

Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), and Amazon.com, (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the STAN LEE Trademarks; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the STAN LEE Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine STAN LEE product or not authorized by Plaintiff to be sold in connection with the STAN LEE Trademarks.

4.  Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the STAN LEE Trademarks.

5.  Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of One Hundred Thousand ($100,000) for willful use of counterfeit STAN LEE Trademarks on products sold through at least the Defendant

Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

6. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 6 above) or other of Defaulting Defendants' assets.

7. All monies (up to the amount of the statutory damages awarded in Paragraph 6 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Ant Financial, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Gill Champion and any e-mail addresses provided for Defaulting Defendants by third parties.

10.     The Ten Thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released to

its counsel, Hughes Socol Piers Resnick & Dym, Ltd.  The Clerk of the Court is directed

to return the surety bond previously deposited with the Clerk of the Court to Michael A.

Hierl of Hughes Socol Piers Resnick & Dym, Ltd. at Three First National Plaza, 70 W.

Madison Street, Suite 4000, Chicago, IL 60602.


This is a Default Judgment.

Dated: February 3, 2022

_____
Thomas M. Durkin
United States District Judge

**Schedule A**

| No. | Defendant Name / Alias |
|-----|------------------------|
| 1 | 2013youyayishen |
| 3 | findinandfindinand-0 |
| 4 | gustia-4 |
| 5 | mard61 |
| 6 | monkeyfashtion888 |
| 8 | patsel_0 |
| 9 | ququ2019 |
| 10 | supermarket-one |
| 11 | tru-9394 |
| 13 | yamiyuan |
| 14 | zhangee8855 |
| 15 | dsgdgfsddfsg |
| 16 | dsgerghte |
| 17 | JoseCook |
| 18 | E-A-M Store |
| 19 | kupao Store |
| 20 | MUTIAN03 Store |
| 21 | t-shirt02 Store |
| 22 | time3rd666 Store |
| 23 | WMVV Store |
| 24 | DelicacySupplies |
| 25 | FunoneToys |
| 26 | Summit Crafts Industrial Limited |
| 27 | Yiwu City Feimeng Jewelry Co., Ltd. |
| 28 | Yiwu Jutien Commodity Factory |
| 30 | abmartam0 |
| 31 | adhariari0 |
| 32 | allinonestore-24 |
| 33 | almazza96 |
| 34 | alway_be_with_you_amazing_store_for_you |
| 35 | amisoray-0 |
| 36 | ardanzya-0 |
| 37 | ast018 |
| 38 | avelika |
| 39 | azgiant_power |
| 40 | backdragon22 |
| 41 | bambanar0 |
| 42 | c61wol-42 |
| 43 | chiga_official_store* |
| 44 | convenientstore2017 |
| 46 | dadudima_0 |
| 47 | deriden-9 |
| 48 | djfungshing |
| 49 | easy2buystore2010 |
| 50 | erwinnur |

8

| | |
|---|---|
| 52 | ezonlinestore |
| 53 | feryon8 |
| 54 | figuresky |
| 55 | goldcrafts |
| 56 | guoyun.232565 |
| 58 | hotspet |
| 59 | huycanh-kt |
| 60 | jayahi-77 |
| 62 | jibjib-6 |
| 63 | johawirawa_0 |
| 64 | kalyankusumawat-0 |
| 65 | kima_99 |
| 66 | kingrtw |
| 68 | kua_8088 |
| 69 | lilipriharnat-0 |
| 70 | liujue663wz |
| 71 | lux_perfume |
| 72 | mariamargareta.online.store |
| 74 | mellisastrurchmen |
| 76 | minifgs.store |
| 77 | mntvip |
| 78 | momnbabies |
| 79 | oncanvasart-4 |
| 80 | one*day_bidder |
| 81 | one_sixth_toys |
| 82 | ozikik-2 |
| 83 | popolove1124 |
| 84 | qingze0030 |
| 85 | qsid7906 |
| 86 | ratm-id2015 |
| 87 | rudderi0 |
| 88 | sg.t736 |
| 89 | slion-uk |
| 90 | srijati |
| 91 | suead-9 |
| 92 | suen.2776 |
| 93 | sultoaa0 |
| 94 | sun.dream |
| 95 | thaiwitnystore |
| 96 | thekhuong-shop |
| 97 | tonycheung1965 |
| 98 | toqo58 |
| 99 | toyproptrader |
| 100 | toysfanzone |
| 102 | truondinht_0 |
| 103 | tungteng_store |
| 104 | unicornshop129 |
| 105 | unsutr-0 |

9

| 106 | vanard8 |
|-----|---------|
| 107 | vino1981-5 |
| 108 | vugi08 |
| 109 | weiqazfefefe |
| 110 | wimadarwaston-0 |
| 111 | wira_1990 |
| 112 | wrbanknote_9 |
| 114 | yangtoys |
| 116 | yusuzain_0 |
| 118 | 15DIW |
| 119 | AlexandPrice |
| 120 | BaboLye |
| 121 | Beijing Zhilongxikai Shangmao Co., Ltd |
| 122 | beijingshuangjiarenliziyuanfuwuyouxiangongsi |
| 123 | Beverly H. Griffin |
| 124 | Bi Pingping |
| 125 | caiyongzhan |
| 126 | carol johnson |
| 127 | chaochijianshegongcheng |
| 128 | CNNGSS |
| 129 | Colimi Co., Ltd. |
| 130 | CouGoo |
| 131 | CubeBik LLC |
| 132 | DBQ |
| 133 | dj83rhqwfedgqsw |
| 134 | drgyhnj |
| 135 | DXHSWE |
| 136 | ElizabethJBroadwell |
| 137 | eretytuiop["poi |
| 138 | ESA-loving |
| 139 | FDG W KING |
| 140 | fdsgvdfg |
| 142 | fGa2WbXGbmaP |
| 143 | ftmjkoiu |
| 144 | GAOBAILYI |
| 145 | Gaochangqing |
| 146 | gaozhou19923 |
| 147 | GMYCY |
| 148 | GuangChangNuan US-1 |
| 149 | Guigang City Green War Win Trading Company |
| 150 | Hazel C Driskell |
| 151 | henpengwanoux |
| 152 | Honesty Blessing |
| 153 | HongDaXin Shop |
| 154 | HuiHao520 |
| 155 | ianglu |
| 156 | James M Mika |
| 157 | Jamie Holmes |

| 159 | JOE COX |
| 160 | Kamcd |
| 161 | KingAnime |
| 162 | Kubaobao |
| 163 | li shao yu goshopping |
| 164 | Li Tian Zhao |
| 165 | LiXiLianzz |
| 166 | liyanan565 |
| 167 | Manywoudo |
| 168 | Meroy Fowler |
| 170 | Muyuqin |
| 171 | MVNTOO |
| 173 | ncunqizaz |
| 174 | nhdjhdf |
| 175 | NHP Store's |
| 176 | NicholasAnthonye |
| 178 | OOut Qiang |
| 179 | Pingyi Shunxin |
| 180 | PosterStudio |
| 181 | qingdaojinxuanmingtongqichexiaoshouyouxiangongsi |
| 182 | QingDaoZhenPengYiShuZhuangShiGongChengYouXianGong1 |
| 183 | Rainbow After The Rain |
| 184 | ReneeELong |
| 185 | RobertKLyles |
| 186 | safdsgdsgdf |
| 187 | SeanSCorliss |
| 188 | sergtryuiol |
| 189 | SharonJGray |
| 191 | siyumao |
| 192 | Supone |
| 193 | TaiTaoYi US |
| 194 | The Feeling Of home |
| 195 | TimelessAnime |
| 196 | tongkejifazhangongsi |
| 197 | TrueKool LLC |
| 198 | Uchenjin |
| 199 | umaogaxd |
| 200 | Vnuiuo |
| 201 | WAEEUSD |
| 202 | wangyoujiang325423 |
| 203 | Wobi |
| 204 | WTV S KING |
| 205 | xi an shi jing ji ji shu kai fa qu li hua bai huo |
| 206 | Xiangcheng Huaming Trading Company |
| 207 | XYDQ |
| 208 | yang jipeng |
| 209 | YD34R7BDUM |
| 210 | yihedianzi(meizhou)youxiangongsi |

| 211 | yinanxian wanjianiuroutangdian |
| 212 | YOU LOOK PRETTY |
| 213 | ZDVSDS+ |
| 214 | 610 tow boys Store |
| 215 | ChangGong Store |
| 216 | potatotshirt Store |
| 217 | Yiwu Angjie Jewelry Co., Ltd. |
| 218 | yun xin Store |